UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LJILJANKA ASCIC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:20-CV-01666-AGF |
| vs. | ) | |
| | ) | |
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion for summary judgment in this diversity action for breach of contract and vexatious refusal to pay under the terms of an auto insurance policy. For the reasons set forth below, the motion will be granted.

**BACKGROUND**

Plaintiffs are the wife, children, and estate of Mr. Velija Ascic, who was killed by an uninsured motorist, Jalisa Jones, on the night of June 23, 2015, while attempting to traverse a Florida highway on foot from a gas station, toward his tractor parked on the shoulder. Ascic's employer, AA Express Trucking, carried commercial auto insurance through Defendant Great West Casualty Company. After Ascic's death, Plaintiffs submitted a claim to Great West for coverage under the uninsured motorist provision of the policy. Great West denied the claim on the sole basis that Ascic was not "occupying" the vehicle at the time of the accident.

The policy states in pertinent part:

We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor

1

vehicle."  The damages must result from "bodily injury" sustained by the "insured." …

\*\*\*

… the following are "insureds":

\*\*\*

Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto" …

\*\*\*

"Occupying" means in, upon, getting in, on, out or off.

ECF No. 12-2 at 16-18.

Plaintiffs originally filed suit in state court in June 2017.  After a transfer of venue and later voluntary dismissal in 2019, Plaintiffs re-filed the present case in state court in October 2020.  Great West removed the case to this Court and filed the present motion for summary judgment, again asserting that the policy does not provide coverage for Ascic's death because Ascic was not "occupying" the covered vehicle when he was hit.

In support of its motion, Great West submits the accident report generated by the Florida Highway Patrol indicating that Ascic was walking across the highway at 10:47 p.m. and was in "the outside westbound travel lane" when Jones struck him.  ECF No. 12-1 at 4. As the contributing cause of the accident, the report states that Ascic "left a place of safety and entered the path of [Jones's vehicle], violating [her] right of way."  *Id*.  There were no indications of distraction, visual obstruction, or impairment on Jones's part.  *Id*.  An accompanying diagram designates the point of impact in the righthand lane of the highway. ECF No. 12-1 at 5.

2

Plaintiffs counter that the accident report is inadmissible hearsay and thus should not be considered.  Plaintiffs do not supply any controverting evidence or contrary authority in opposition to the motion.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

In a diversity case governed by Missouri law, the Court is "bound by the decisions of the Supreme Court of Missouri" and will "follow decisions from the intermediate state courts when they are the best evidence of Missouri law."  *Gray v. FedEx Ground Package Sys., Inc*., 799 F.3d 995, 999 (8th Cir. 2015).  In construing the terms of an insurance policy, Missouri courts "apply the meaning which would be attached by an ordinary person of average understanding if purchasing insurance and resolve ambiguities in favor of the insured."  *Jensen v. Allstate Ins. Co.*, 349 S.W.3d 369, 373 (Mo. App. W.D. 2011) (citing *Burns v. Smith.,* 303 S.W. 3d 505, 509 (Mo.  2010)).  A party seeking to establish coverage under an insurance policy has the burden of proving that the claim is within the coverage

afforded by the policy.  *Powell v. State Farm Mut. Auto. Ins. Co.*, 173 S.W.3d 685, 689 (Mo. App. W.D. 2005).

**Analysis**

Great West contends that the auto insurance policy issued to AA does not provide coverage for Ascic's death because he was not "occupying" the covered vehicle when he was struck by Jones's car.  As previously noted, the policy defines "occupying" as "in, upon, getting in, on, out or off."  ECF No. 12-2 at p. 18.  While the record does not specify the distance remaining between Ascic and his tractor as he crossed the highway, Plaintiffs state that the tractor was "parked along State Route 44" (ECF No. 4 at p. 2 ¶7), and the accident report indicates that Ascic was in the righthand travel lane when he was struck.  ECF No. 12-1 at p. 4-5.  The only other vehicle in the accident diagram is a tractor making a right turn in front of Jones.  Ascic's vehicle is not pictured.[1]  ECF No. 12-1 at p. 5.

Missouri appellate precedent recognizes that a person can "occupy" a vehicle without actually touching it.  However, the person "must have reached such a position that his activity is that of entering the vehicle" as opposed to merely approaching it.  *State Farm Mut. Auto. Ins. Co. v. Farmers Ins. Co.*, 569 S.W.2d 384, 386 (Mo. App. 1978).  In cases where the claimant's reason for being outside the vehicle is related to the repair of or damage to a vehicle, courts construe occupancy more liberally.  *Id*. at 385.  When the reason is unrelated to the operation of the vehicle itself, courts have been more rigid in requiring a claimant to meet the definition of occupancy.  *Id*.

---

[1]     The diagram shows a tractor in front of Jones, and the narrative of the report states, "The vehicle in front of [Jones] slowed to negotiate a right turn into the private driveway of Travel America."  ECF No. 12-1 at p. 4.

In *State Farm*, the victim was next to the right front fender approaching the passenger door of the vehicle when it was struck, and his purpose was unrelated to the vehicle but rather to assist a motorist who had run out of gas.  The appellate court found that, although the victim was approaching the vehicle with the intent to enter it, he had not yet reached a point where he was actually entering the vehicle, so he was not "upon" it.  *Id*. at 386.  *See also Ott v. Firemen's Fund Ins. Co.*, 936 S.W.2d 165, 165 (Mo. App. E.D. 1996) (victim not occupying a vehicle when walking toward it).

By contrast, in *Pope v. Stolts*, 712 S.W.2d 434 (Mo. App. E.D. 1986), the victim was "upon" the vehicle where he was leaning under the hood to attach jumper cables when a car struck the rear end of the vehicle.  Likewise, in *Arbuthnot v. N. Ins. Co. of New York*, 140 S.W.3d 170 (Mo. App. E.D. 2004), the victim was retrieving tools from an exterior compartment of his truck when he was struck by car.  The impact was close enough to the truck that it detached the compartment door panel, and remnants of the victim were found on the truck.  *Id*.   Given his close proximity to the vehicle and his purpose accessing the tool compartment on the vehicle, the court found that the victim was "upon" and thus occupying the vehicle.  *Id*. at 174.

The foregoing precedent compels a conclusion that Ascic was not "upon" his tractor when he was struck by Jones's car.  He was approaching it from the opposite side of a six-lane highway.  Even assuming *arguendo* that his purpose was related to the vehicle (which the facts do not illuminate), the record still does not permit a reasonable inference that he was close enough to it to be considered "upon" the vehicle.  Plaintiffs do not supply any evidence creating a factual dispute in this regard.

Plaintiffs' sole argument in response to the motion is that the accident report is inadmissible hearsay and thus the facts therein cannot be considered for purposes of summary judgment.  But the standard is not whether the evidence at the summary judgment stage would be admissible at trial, but rather whether it *could* be presented at trial in an admissible form.  *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012).  As Great West correctly notes in reply, the report may be admissible as a public record under Federal Rule of Evidence 803(8), and specific facts therein could be presented through witness testimony.  Plaintiffs offer no other argument or authority in opposition to the motion.

## CONCLUSION

Based upon the unrefuted facts in the record, Plaintiffs cannot meet their burden of proving that their claim is covered by the policy.  *Powell*, 173 S.W.3d at 689.  In the absence of any genuine issue of material fact in dispute, Great West is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  ECF No. 10.

A separate Judgment will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August 2021.

6